STATE ex rel. SCANLAND, Co. Atty., v. JOHN A. BROWN CO. et al.

No. 34636.   March 4, 1952.

*241 P. 2d 951.*

Washington & Thompson, Oklahoma City, for plaintiff in error.

J. H. Everest, M. W. McKenzie, and Everest, McKenzie, Gibbens & Crawford, Oklahoma City, for defendants in error.

HALLEY, V. C. J.   The plaintiff sought a permanent injunction restraining the defendants from advertising by letter or otherwise that free repairs would be given on watches purchased from them, and from issuing or making written or oral agreements for the free repair or replacement of parts on watches purchased from them for a period of two years from date of purchase.

Plaintiff cites §§771-782, inclusive, 59 O. S. 1951, covering "Watchmaking", which includes "repairing, replacing, rebuilding, readjusting, and regulating of the mechanical parts of watches, clocks, and time-recording instruments", but does not include repair of watch cases.

The Act provides for a board of examiners, with authority to issue a license or certificate for eligible watchmakers, and prohibits others from engaging in such work. Section 778(4) is in part as follows:

" 'Unethical conduct' shall include and mean any conduct of a character likely to mislead, deceive, or defraud the public; advertising of any character in which untruthful or misleading statements are made; advertising of prices on watch repairing or the giving of watch crystals, glasses or any other watch parts, gratis or at less than cost, in order to advertise or increase watch repair business; performance of any service in pursuance of any such advertising; . . ."

Section 779 makes a violation of any of the provisions of the Act a misdemeanor, and fixes the punishment therefor.

Plaintiff alleges that defendants have violated the above law by advertising through the mails, by letter and folder entitled "The Greatest Trial Offer in

Our History", and offering a two-year guarantee of free repair service on any of the four types of Bulova watches purchased from John A. Brown Company, regardless of the damage or how damaged, and free replacement of certain damaged parts for the same period of time. Ten coupons, each entitling the holder to a certain free repair or replacement, were attached to the folder.

Plaintiff alleged that the violation of the law by defendants would result in irreparable damage and injury to the public and persons engaged in watchmaking and render them insecure in the use of their property, and constitutes a public nuisance and endangers the health and safety of others.

Defendants answered by general denial. John A. Brown Company admitted that it operates a department store and a jewelry department, the latter operated under lease with Finlay-Strauss Company of Kansas City, Missouri, which sells watches, clocks and jewelry. It further admitted that it sells jewelry through its leased department, and that it had advertised through the mails the sale of a number of different kinds of watches, especially Bulova watches; denied that it ever advertised watch repairing or solicited that service, but admitted that it had a written guarantee in its advertising by which it agrees to keep in repair and make replacements of parts of Bulova watches sold by it for a period of two years from date of purchase.

John A. Brown Company further admits that its jewelry department, operated by Finlay-Strauss & Company as lessee, employs D. R. Frazier and Robert Frazier, duly licensed watchmakers, to make certain repairs and replacements, for which John A. Brown Company pays the watchmakers. It denies that it uses any misleading, deceptive, or defrauding statements in its advertising, and denies that any of its actions violate the law under which this action is brought, or any other law.

Plaintiff introduced in evidence the advertising matter complained of, including a folder offering a two-year guarantee on four types of Bulova watches, by which it guaranteed two years of accurate timekeeping or free repairs and replacements covered by the ten coupons attached. A letter on the folder was signed by John A. Brown Company, advising the addressee that a Bulova watch was being sent for ten days' trial and would be guaranteed for two years should it be purchased by the addressee.

Copies of two newspaper ads were introduced, which were headed by the words "Watch and Jewelry Repairs." Among the items listed under "Watch Repairs" there were listed a number of parts, and one item read, "Complete Overhaul of Movement." These newspaper ads were signed "Brown's", but were identified by their witness as ads he had published through John A. Brown Company's advertising department. This witness was the manager of the leased jewelry department. The testimony of watchmakers called by the plaintiff showed the cost and probable likelihood of certain necessary repairs and replacements offered free by John A. Brown Company for two years from date of purchase. It is to be noted that some of the coupons put out by John A. Brown Company were for minor repairs or adjustments which plaintiff's witnesses stated that all reputable watchmakers did free of charge. Some items covered by the coupons involved a substantial charge, according to the testimony of the watchmakers.

The defendants called only one witness, the manager of the leased jewelry department. He made no repairs or replacements, but did accept watches brought in and advise that some of them needed repairs. All watches needing repairs were turned over to the Fraziers, who were duly registered watchmakers, who fixed their charges and did the necessary work. It will be noted that the newspaper ads in-

troduced in evidence contained no offer of free service or free replacements.

No evidence was introduced to show that anyone had been misled, deceived, or defrauded, or that the property of anyone had been placed in jeopardy by anything done or claimed to have been done by any of the defendants.

At the conclusion of the evidence, the court found that the plaintiff was not entitled to an injunction, and dismissed the case at the cost of plaintiff. It is from that order and judgment that plaintiff has appealed.

It is contended that the judgment is not supported by the evidence and is contrary to law, and also that certain errors occurred during the trial, which were excepted to by plaintiff.

There is no evidence to warrant any finding that either D. R. Frazier or Robert Frazier has violated the Watchmaking Act in any manner. They are duly qualified and licensed watchmakers, had no part in the advertising complained of, and have not charged below cost for service or replacements. They make repairs and replacements for the lessee of John A. Brown's jewelry department on watches referred to them by the manager of that department. They fix the charges for their services and, where a watch has been sold under the guarantee plan, they collect their fees from John A. Brown Company. We find no error in dismissing the action as to these defendants.

John A. Brown Company, being a corporation, was not qualified to register as a matchmaker. It did offer certain free repairs and replacements on four types of Bulova watches. It guaranteed accurate timekeeping for two years, and did advertise that this might save the purchaser as much as $17.50; but it appears that these services were to be rendered by qualified watchmakers, who fixed their fees therefor, which were also paid by John A. Brown Company.

The offer of free repairs and replacements was conditioned on these services being necessary to keep the watch in good order for two years. From the evidence, it is not shown to be certain that any such repairs or replacements would be required within the period of the guarantee. It was shown that cleaning and oiling should be done once each year, but such was not shown to be necessary to assure accurate timekeeping for two years or more.

Plaintiff claims that the guarantee was aimed at increasing the repair business for the seller, who claims that it was aimed at increasing the sale of Bulova watches. There is no definite testimony that the actions of any defendant created or were likely to create a public nuisance, as defined in 50 O. S. 1951 §1.

In Smilie v. Taft Stadium Board of Control, 201 Okla. 303, 205 P. 2d 301, the rule governing this court on appeals involving the question of whether or not a permanent injunction should issue was announced in the following language:

"The granting or refusing of an injunction rests to some extent within the sound discretion of the trial court, and its order and judgment in refusing to grant an injunction will not be disturbed on appeal unless it can be said that the . . . judgment rendered is clearly against the weight of the evidence."

The argument that the advertising complained of was circulated in order to effect an increase in the watch-repair business is not more convincing than the argument that it was designed to increase the sale of watches. There is no proof of any "untruthful or misleading statement" in the advertising complained of.

We conclude that there is no evidence of an abuse of discretion by the trial court, or that its judgment is not supported by competent evidence. The judgment is therefore affirmed.

CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.